UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL WOODS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:14-cv-79-JMS-MJD |
| C. COOKE, Correctional Officer, et al., | ) |
| Defendants. | ) |

**Entry Discussing Plaintiff's Motion to Reconsider**

The Entry of March 14, 2014, screened the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b). The Court dismissed certain claims and ultimately held that the only remaining claim is the Eighth Amendment claim against Correctional Officers C. Cooke and Culvahouse for their alleged involvement in either contaminating Woods' coffee with urine or serving the contaminated coffee.

Now before the Court is the plaintiff's motion to reconsider the dismissal of claims against Lt. King, Nurse Clark, Carl Lemons, Jr., David Thomson and Jerry Snyder. The plaintiff argues that these defendants are liable under 42 U.S.C. § 1983 because they conspired to attempt to cover up the criminal misconduct of Correctional Officers C. Cooke and Culvahouse.

**Discussion**

The first inquiry in every Section 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States, for without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983. *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992). The plaintiff's motion to reconsider makes

reference to constitutional provisions (specifically the Eighth Amendment, and due process and equal protection clauses) but does not allege a plausible violation of them.

First, to prevail on an Eighth Amendment claim based on inadequate conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted). The defendants alleged attempts to cover up Officer C. Cooke and Culvahouse actions do not impute the Eighth Amendment because the cover up did not result in the denial of the minimal civilized measure of life's necessities.

Second, the due process clause is triggered when the government deprives an individual of life, property or liberty. *See Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all"). The defendants' alleged attempt to cover up the actions of Officer C. Cooke and Culvahouse did not deprive the plaintiff of life, property or liberty.

Third, the plaintiff has not alleged mistreatment based on membership in a particular class. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). There is no plausible basis to conclude from the facts alleged

in the Complaint that the plaintiff was treated differently because of his membership in a particular class.

Finally, the Court was unable to identify any basis upon which the plaintiff's claims of attempted cover-up could proceed. The plaintiff cannot assert a denial of access to courts claim based on the facts alleged and there is no authority for him to bring a freestanding spoliation action under federal law. *See Paluch v. Sec'y Pennsylvania Dept. Corr.*, 442 F. App'x 690, 694–95 (3d Cir. 2011); *Ball v. Beckley*, 2012 WL 3579583, 12 (M.D. Pa. 2012). Nor does the plaintiff have a federally secured right to pursue a criminal prosecution. Only the government may commence criminal charges. A private individual has no right to compel such a prosecution. *See Leeke v. Timmerman*, 454 U.S. 83 (1981) (holding that inmates lacked standing to force issuance of arrest warrants of correctional officers for beatings); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (private persons generally have no right to enforce criminal statutes or to sue under them unless the statute also creates a private right of action. (Posner, J., concurring), *cert denied*, 502 U.S. 1035 (1992).)

Under these circumstances, Lt. King, Nurse Clark, Carl Lemons, Jr., David Thomson and Jerry Snyder were properly dismissed as defendants and the plaintiff's motion to reconsider [dkt. 12] is **denied**.

**IT IS SO ORDERED.**

Date: 04/11/2014

*[Signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL WOODS
911570
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064